## Commonwealth v. Bonomo

*Albert H. Aston*, District Attorney, and *Arthur Silverblatt*, Assistant District Attorney, for Commonwealth.

*Conrad A. Falvello* and *Rocco C. Falvello*, for defendant.

PINOLA, J., April 22, 1958.—On March 17, 1958, defendant filed a statement of questions to be argued and of evidence not intended to be printed on appeal and he served a copy of the same upon the district attorney.

The caption refers to Superior Court Rule 22 and the notice is that it contains a statement of questions to be argued before the Superior Court "as required by its Rule 22," as well as a statement of evidence which defendant does not intend to print, and it notifies

the district attorney that consent will be presumed unless objections are filed within 10 days after service of the same.

The district attorney filed written objections on March 28, 1958, and we fixed April 17, 1958, at 10 a.m. as the time for hearing on the same.

Defendant has moved to strike the objections and to vacate the order fixing the time of hearing because the objections were filed one day too late and because no extension of time was procured by the district attorney on cause shown.

In answer to said motion, the district attorney points out that rule 22 was abrogated on June 1, 1953, and rule 39 amended. He adds that he sought a consultation with the trial judge on March 24, 1958, at which time we were exceedingly busy in the trial of criminal cases and we asked the assistant district attorney to delay consideration of the notice until an opportunity presented itself. This took place on March 27, 1958, at 3 p.m. At that time Assistant District Attorney Gallagher orally objected to the statement of the evidence which defendant did not intend to print. This consultation was absolutely necessary because his statement of questions intended to be argued included the following:

"6. Did the trial judge err fundamentally in his charge to the jury in overemphasizing the Commonwealth's case, minimizing the defense, and practically destroying the effect of the uncontradicted evidence of defendant's excellent reputation for chastity and morality?"

### Discussion

Rule 39 itself authorizes the court to grant an extension of time within which objections may be filed. Since the delay was occasioned by the necessity of consultation with the trial judge, it was unnecessary

to have the district attorney present a petition to set forth this fact and to procure an order granting an extension of one day's time.

However, for the purpose of the record, we will grant, nunc pro tunc, an extension of time of one day.

Going to the merits of the objections, we believe that question no. 6 above set forth requires that all of the testimony be printed. The Superior Court cannot pass upon such a general complaint without having before it all of the testimony of the case, that of the Commonwealth which it is alleged the trial judge overemphasized and that of the defense which it is alleged the trial judge minimized.

We believe also that the other questions intended to be argued require the printing of all the testimony in order that the Superior Court may properly dispose of them.

In our judgment, all of the testimony is material and necessary.

Counsel for defendant indicated at argument that should the court require all the testimony to be printed, he will ask leave of the Superior Court to appeal in forma pauperis. That being the case, he will not be prejudiced by being required to type all of the testimony.

Accordingly, we enter the following

### Order

Now, April 22, 1958, at 3 p.m.; it is directed that defendant, Ralph Bonomo, in his appeal to the Superior Court, print the testimony of the witnesses whose testimony he has given notice that he did not intend to print.

### Order

Now, April 22, 1958, as of March 27, 1958, at 3 p.m., the district attorney is granted an extension of one

day within which to file objections to the statement of evidence not intended to be printed by defendant.